UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

TAMMY DOVO,

       Plaintiff,

**JURY TRIAL DEMANDED**

vs.

B&B ENTERTAINMENT, LLC d/b/a THE
PLAYHOUSE GENTLEMEN'S CLUB and d/b/a
THE PLAYHOUSE, a Florida for-profit corporation,
ANDREW BEHN, an individual,

       Defendants.

_____/

## COMPLAINT FOR DAMAGES

The Plaintiff, TAMMY DOVO, sues the Defendants, B&B ENTERTAINMENT, LLC d/b/a THE PLAYHOUSE GENTLEMEN'S CLUB and d/b/a/ THE PLAYHOUSE, (the "PLAYHOUSE"), and ANDREW BEHN, and states as follows:

### INTRODUCTION

1. This is an action to recover monetary damages in the form of unpaid overtime and minimum wages, and to redress the deprivation of rights secured to Plaintiff by the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §201 *et. seq.*, the Florida Minimum Wage Amendment, Fla. Const. Art. X, §24, and the Florida Minimum Wage Act, Fla. Stat. 448.110, (collectively, the "FMWA).

# JURISDICTION

2. This Court has original jurisdiction over the FLSA claims asserted herein pursuant to FLSA, 29 U.S.C. §201 *et seq.,* 29 U.S.C. 216(b) and 28 U.S.C. §1331.

3. The Court has supplemental jurisdiction over the FMWA claims pursuant to 28 U.S.C. §1367.

4. At all times pertinent to this Complaint, the Defendant the PLAYHOUSE was an "enterprise engaged in interstate commerce," as defined by the FLSA.

5. At all times pertinent to this Complaint, Defendants regularly operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

6. At all times pertinent to this Complaint, Defendant the PLAYHOUSE employed two or more persons "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in §203(s)(1)(A)(i).

7. The Plaintiff's work and that of other employees involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' businesses, and moved in interstate commerce.

8. During the relevant time period, Defendant PAYHOUSE had an annual gross volume of sales made or business done in excess of $500,000.00 in accordance with §203(s)(1)(a)(ii).

9. During the relevant period, the Defendants conducted substantial and continuous business in this judicial district.

## VENUE

10. Venue is proper in this Court because the Plaintiff performed work for Defendants in West Park, Florida, in Broward County, Florida, which is within the Southern District of Florida.

11. The Southern District of Florida is the place where the causes of action occurred.

## PARTIES

12. From or about May 2016 to about December 4, 2016, ("the relevant time period"), the Plaintiff was employed by the Defendants in the position of "house mom."

13. During the relevant time period, Plaintiff resided in Broward County, Florida.

14. During the relevant time period, Plaintiff was as an "employee" of the Defendants within the meaning of the FMWA and FLSA.

15. The Plaintiff was employed by the Defendants within the meaning of the FMWA and FLSA.

16. The Defendant, the PLAYHOUSE was and continues to be a Florida corporation engaged in the transaction of business in Broward County, Florida, with its principal address at 5775 Hallandale Beach Blvd, West Park, Florida 33023.

17. B&B ENTERTAINMENT, LLC does business under the fictitious names "The Playhouse" and "The Playhouse Gentlemen's Club."

18. During the relevant time period, the Defendants operated the PLAYHOUSE as an adult nightclub.

19. During the relevant time period, Defendant the PLAYHOUSE was an "employer" of the Plaintiff within the meaning of the FMWA and FLSA.

20. During the relevant time period, Defendant the BEHN was an "employer" of the Plaintiff within the meaning of the FMWA and FLSA.

21. During the relevant time period, Defendant, BEHN was a supervisor and manager of the PLAYHOUSE, and was directly or indirectly responsible to the day-to-day management and/or operations of the PLAYHOUSE and/or was directly or indirectly responsible for the supervision of Plaintiff.

22. During the relevant time period, Defendant BEHN was directly or indirectly responsible for decisions affecting employee compensation and/or hours worked by the Plaintiff.

23. Defendant BERN is personally liable as an employer for the violations alleged herein.

**STATEMENT OF FACTS**

24. The Plaintiff's job duties as a "house mom" included but were not limited to: cleaning and sanitizing bathroom and dressing room at the club; maintaining lockers; providing costumes to entertainers; providing toiletries and other items to entertainers; interviewing and auditioning entertainers; ensuring entertainers applying for a job filled out the application and paperwork required by the club; making sure entertainers were ready to go on stage; communicating with floormen regarding which entertainer needed to go on stage; helping entertainers with hair and makeup; collecting the tip outs/fees from entertainers to give to club staff; using a walkie talkie to communicate about club issues with managers, the valet, and floormen; supervising the dressing room area; acting as a witness for the club regarding instructions for use of the back room; and reviewing with entertainers the club's rules, regulations, and policies regarding club behavior.

25. The Plaintiff also was required to individually text entertainers to come to work at the club.

26. The Defendants required the Plaintiff to provide a number of items to the entertainers at her own expense, including but not limited to, wipes, perfume, deodorant, hairspray, curling irons, sanitizing alcohol spray, rags for cleaning the pole, hair products, blow dryers, straighteners, spare shoes, Q-tips, combs, brushes, safety pins, and rubber bands.

27. The minimum wage requirement must be satisfied "free and clear" of any deductions or "kickbacks." *See* 29 C.F.R. § 531.35.

28. Defendants set policies and working conditions for the Plaintiff in her position of house mom.

29. The Defendants misclassified the Plaintiff as an independent contractor.

30. The Defendants did not pay the Plaintiff any wages for her work as a house mom at the PLAYHOUSE.

31. Because she received no wages for her work as a house mom, the Plaintiff received less than required wage rates under the FMWA and FLSA for all hours worked.

32. Defendants failed to properly disclose or apprise Plaintiff of her rights under the FMWA or FLSA.

33. The Defendants failed to keep accurate records of the "hours worked each workday and total hours worked each workweek," as required by law.

34. The Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived or are inapplicable.

35. The Plaintiff has retained Bober & Bober, P.A. to represent her in this action, and is obligated to pay reasonable attorney's fees, costs, and expenses.

# STATEMENT OF CLAIM

## COUNT I

### VIOLATION OF FLSA, 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

36. The Plaintiff re-alleges paragraphs 1 through 35 as if fully set forth herein.

37. The Plaintiff's employment with Defendants was to consist of a normal workweek for which she should have been compensated at or above the full FLSA minimum wage.

38. The FLSA, 29 U.S.C. §206 requires that any non-exempt employee covered by the FLSA be paid a minimum wage.

39. The minimum wage requirement must be satisfied "free and clear" of any deductions or "kickbacks." *See* 29 C.F.R. § 531.35.

40. Defendants violated the FLSA by failing to pay the Plaintiff the minimum wage required by the FLSA.

41. As a result of Defendants' disregard of the FLSA, the Plaintiff is entitled to liquidated damages pursuant to the FLSA.

42. The Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, the Plaintiff respectfully requests judgment in her favor:

a. finding that, during the relevant period, Defendants violated the minimum wage requirements of FLSA, 29 U.S.C. §206;

b. awarding all unpaid minimum wages due or payable equal to the full minimum wage for each hour worked;

c. awarding an equal amount in liquidated damages;

d.  awarding the Plaintiff reasonable attorney's fees, costs, and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e.  awarding post-judgment interest; and

f.  awarding all other and further relief this Court deems to be just and proper.

**COUNT II**

**MINIMUM WAGE CLAIM PURSUANT TO
FLA. CONST. ART. X, § 24 & Fla. Sta. §448.110**

43. The Plaintiff re-alleges Paragraphs 1 to 35 as if fully stated herein.

44. The Plaintiff's employment with Defendants was to consist of a normal workweek for which she should have been compensated at or above the full Florida minimum wage for each hour worked.

45. Fla. Const. Art. X, §24 requires "all working Floridians" be paid a minimum wage, and requires employers to pay their employees a minimum wage for all hours worked.

46. The Plaintiff received no wages from the Defendants.

47. Defendants violated the FMWA by failing to pay the Plaintiff required wages.

48. The Plaintiff is entitled to recoup the cost of items she was required to purchase at her own expense and provide to the entertainers without compensation.

49. Pursuant to Fla. Const. Art. X, §24(e), an employee is entitled to seek other "legal or equitable relief as may be appropriate to remedy the violation," including compensatory damages from the employer.

50. As a result of Defendants' disregard of the FMWA, the Plaintiff is entitled to liquidated damages.

51. The Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to the FMWA.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against the Defendants:

    a. Declaring that Defendants violated Article X, §24 of the Florida Constitution, insofar as failing to pay Plaintiff at or above the Florida minimum wage for all hours worked;

    b. Finding Defendants violated the Florida's minimum wage requirements;

    c. awarding all unpaid minimum wages due or payable equal to the full minimum wage for each hour worked;

    d. Awarding Plaintiff liquidated damages in the amount equal to her back wages;

    e. Awarding compensatory damages for the cost of items the Plaintiff was required to purchase and to provide to entertainers without compensation.

    f. Awarding Plaintiff attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

    g. Awarding Plaintiff post-judgment interest; and,

    h. Awarding such other and further relief this Court deems to be just and proper.

## COUNT III

### VIOLATION OF FLSA, 29 U.S.C. § 207 (UNPAID OVERTIME)

49. The Plaintiff repeats and re-alleges paragraphs 1 through 35 as if fully set forth herein.

50. The Plaintiff's employment with the Defendants was to consist of a normal work week for which she should have received time and one-half for hours worked in excess of the maximum hours provided for in the FLSA.

51. During the Plaintiff's employment, she worked hours in excess of forty (40) per workweek.

52. The Plaintiff was not compensated at the statutory rate of time and one-half the applicable hourly rate for his overtime hours worked in a workweek.

53. Defendants' failure to pay the Plaintiff overtime wages for hours worked in excess of forty (40) per workweek violated the FLSA.

54. Due to the unlawful acts of the Defendants, the Plaintiff has suffered damages for unpaid overtime wages.

55. As a result of Defendants' disregard of the FLSA, the Plaintiff is entitled to liquidated damages pursuant to the FLSA.

56. The Plaintiff is entitled to an award of his reasonable attorney's fees, costs, and expenses pursuant to 29 U.S.C. § 216(b).

WHEREFORE, the Plaintiff respectfully requests judgment in his favor:

a. Defendants violated the overtime wage requirements of FLSA, 29 U.S. C. §207;

b. awarding all unpaid overtime wages due or payable equal to the full overtime wage for each hour worked;

c. awarding an equal amount in liquidated damages;

d. awarding Plaintiff reasonable attorney's fees, costs, and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. awarding post-judgment interest; and

f.  awarding all other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: April 6, 2017

                Respectfully submitted,

                By: /s/. Samara Robbins Bober
                SAMARA ROBBINS BOBER
                FBN: 0156248
                PETER BOBER
                FBN:  0122955
                BOBER & BOBER, P.A.
                1930 Tyler Street
                Hollywood, FL 33020
                Phone: (954) 922-2298
                Fax: (954) 922-5455
                Primary Email: peter@boberlaw.com
                Primary Email: samara@boberlaw.com
                *Attorneys for Plaintiff*